

Marjorie Press Lindblom
Shima Baradaran
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800
(212) 446-6460 (Facsimile)
*Counsel for Olaes Enterprises, Inc. d/b/a ODM*

RECEIVED SEP 20 2006 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORANGE COUNTY CHOPPERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> OLAES ENTERPRISES, INC. d/b/a ODM, <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Olaes Enterprises, Inc. d/b/a ODM hereby removes the case entitled *Orange County Choppers, Inc. v. Olaes Enterprises, Inc. d/b/a ODM*, Index No. 2006-6680, now pending in the Supreme Court of the State of New York, County of Orange (the "Action"). In support of removal, Defendant submits the Summons and Complaint served on it by the Plaintiff in this case and states as follows:

1. On August 23, 2006, Defendant was served with a Summons and Complaint in the Action.

2. The attached Summons and Complaint constitute all process, pleadings and orders served upon Defendant in the Action.

## Jurisdiction

3. Under 28 U.S.C. § 1441, state court civil actions over which the District Courts of the United States would have had original jurisdiction may be removed.

4. The Action is a civil action brought in a state court of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332.

5. According to the Complaint, the amount in controversy is in excess of $75,000, exclusive of interest and costs.

6. According to the Complaint, Orange County Choppers, Inc. is a New York corporation with its principal place of business in New York.

7. At the time Plaintiff commenced this Action and at the time of the filing of this notice of removal, Olaes Enterprises, Inc. d/b/a ODM was and is a California corporation with its principal place of business in Poway, California.

8. Accordingly, the Plaintiff and Defendant are citizens of different states and complete diversity exists between them.

## Venue

9. Under U.S.C. § 1441, actions subject to removal may be removed to the District Court of the United States for the district and division embracing the place where such action is being removed under 28 U.S.C. § 1332(a).

10. The United States District Court for the Southern District of New York embraces the place where the Action is pending. *See* 28 U.S.C. § 1332(a).

## Jury Trial Demand

11. Defendant-Counterplaintiff ODM demands a trial by jury on all counts contained in the Complaint.

## Conclusion

12. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b).

13. Written notice of filing of this Notice of Removal will be given to Plaintiff, and a true copy will be filed with the Clerk in the Supreme Court of the State of New York, County of Orange, as required by 28 U.S.C. § 1446(d).

14. In filing this Notice of Removal, Defendant does not waive any defense that may be available to it.

WHEREFORE, Removing Defendant removes this action from the Supreme Court of the State of New York, County of Orange, to the United States District Court for the Southern District of New York.

Dated: September 20, 2006
New York, New York

Respectfully submitted,

Marjorie Press Lindblom (ML5970)
Shima Baradaran (Admission Pending)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800
(212) 446-6460 (Facsimile)

*Counsel for Olaes Enterprises, Inc. d/b/a ODM LLC*

3

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ORANGE

---

ORANGE COUNTY CHOPPERS, INC,

           Plaintiff,

-against-

OLAES ENTERPRISES, INC. d/b/a
ODM,

           Defendant.

---

SUMMONS
Index:

2006-6690

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys a Verified Answer to the Verified Complaint in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

     The basis of venue designated above is that Plaintiff resides in the County of Orange, State of New York.

Dated: August 10, 2006
        Albany, New York

                                  TABNER, RYAN AND KENIRY, LLP

                                  By: _____
                                       William J. Keniry, Esq.
                                  18 Corporate Woods Boulevard, Ste 8
                                  Albany, New York 12211
                                  (518) 465-9500

2006 AUG 15 PM 12:00
ORANGE COUNTY CLERK
FILED

Rec'd & signed
for August 23, 2006
at 1:05 PM
K. Bine

16.     On or about November 29, 2005, Defendant sent a letter to Plaintiff with a royalty report

-2-

STATE OF NEW YORK
SUPREME COURT        COUNTY OF ORANGE

---

ORANGE COUNTY CHOPPERS, INC,

        Plaintiff,

  -against-

OLAES ENTERPRISES, INC. d/b/a
ODM,

        Defendant.

**VERIFIED COMPLAINT**
Index:

2006-6980

---

The Plaintiff, by and through its attorneys, Tabner, Ryan and Keniry, LLP, as and for a complaint, alleges:

1.  The Plaintiff is a corporation incorporated under the laws of the State of New York with a principal place of business in the Village of Montgomery, County of Orange, State of New York.

2.  Plaintiff is in the business of designing and constructing custom motorcycles, among other things.

3.  Upon information and belief, the Defendant is a corporation incorporated under the laws of the State of California, with its principal place of business in the City of Poway, County of San Diego, State of California.

4.  At all relevant times, Defendant was a foreign corporation contracting to provide services in the State of New York.

5.  Defendant, by an agreement signed on August 5, 2004, has consented to jurisdiction and forum for legal action in the State of New York, County of Orange.

### AS AND FOR A FIRST CAUSE OF ACTION

-1-

6. On or about March 21, 2003, Plaintiff entered into a written consumer products license agreement (hereinafter "agreement") with Defendant.

7. The agreement term commenced on April 1, 2003 and continued to and including December 31, 2005.

8. The agreement provided for a 90 day "sell off" period following the expiration of the agreement term.

9. Pursuant to the terms and conditions of the agreement, Plaintiff promised to grant, and did grant Defendant a license to produce and market specified licensed products bearing the name, likeness, and logo of Plaintiff.

10. Under the agreement, there were two different royalty rates which would be paid by Defendant to Plaintiff, based on two different channels of distribution.

11. For distribution to and sales of the licensed products by mass market merchandisers and lower than mass market merchandisers, Defendant promised to pay Plaintiff a percentage royalty of eight percent (8%) of the net sales price of all products sold.

12. For distribution to and sales of the licensed products by all other merchandisers, Defendant promised to pay Plaintiff a percentage royalty of ten percent (10%) of the net sales price of all products sold.

13. Defendant's promise to pay said amounts induced, and was consideration for, Plaintiff's grant of the above-described license.

14. Defendant's promise to pay was a material term of the agreement.

15. The said agreement is a valid and binding contract between the parties.

16. On or about November 29, 2005, Defendant sent a letter to Plaintiff with a royalty report

for the period of October 1, 2005 to October 31, 2005.

17. Said royalty report stated that the total royalties due and owing to Plaintiff from Defendant for October, 2005 were $285,706.72.

18. Defendant did not tender and has not tendered payment of the $285,706.72 due and owing to Plaintiff for October, 2005 royalties, together with interest thereon.

19. On or about December 30, 2005, Defendant sent a letter to Plaintiff with a royalty report for the period of November 1, 2005 to November 30, 2005.

20. Said royalty report stated that the royalties due and owing to Plaintiff from Defendant for November, 2005 were $107,929.54.

21. Defendant did not tender and has not tendered payment of the $107,929.54 due and owing to Plaintiff for November, 2005 royalties, together with interest thereon.

22. On or about January 30, 2006, Defendant sent a letter to Plaintiff with a royalty report for the period of December 1, 2005 to December 31, 2006.

23. Said royalty report stated that the royalties due and owing to Plaintiff from Defendant for December, 2005 were $45,891.08.

24. Defendant did not tender and has not tendered payment of the $45,891.08 due and owing to Plaintiff for December, 2005 royalties, together with interest thereon.

25. On or about February 27, 2006, Defendant sent a letter to Plaintiff with a royalty report for the period of January 1, 2006 to January 31, 2006.

26. Said royalty report stated that the royalties due and owing to Plaintiff from Defendant for January, 2006 were $106,078.78.

27. Defendant did not tender and has not tendered payment of the $106,078.78 due and

-3-

owing to Plaintiff for January, 2006 royalties, together with interest thereon.

28. On or about March 28, 2006, Defendant sent a letter to Plaintiff with a royalty report for the period of February 1, 2006 to February 28, 2006.

29. Said royalty report stated that the royalties due and owing to Plaintiff from Defendant for February, 2006 were $69,007.14.

30. Defendant did not tender and has not tendered payment of the $69,007.14 due and owing to Plaintiff for February, 2006 royalties, together with interest thereon.

31. On or about April 26, 2006, Defendant sent a letter to Plaintiff with a royalty report for the period of March 1, 2006 to March 31, 2006.

32. Said royalty report stated that the royalties due and owing to Plaintiff from Defendant for March, 2006 were $232,110.73

33. Defendant did not tender and has not tendered payment of the $232,110.73 due and owing to Plaintiff for March, 2006 royalties, together with interest thereon.

34. Plaintiff has demanded payment.

35. Plaintiff has demanded performance of the agreement.

36. Plaintiff has performed all obligations and conditions pursuant to the agreement.

37. Defendant has failed to perform the agreement in that it has failed to pay Plaintiff $846,723.99 in royalties due and owing to Plaintiff pursuant to the terms of the agreement, together with interest thereon.

38. Defendant has breached its agreement with Plaintiff.

39. Consequently, Plaintiff has sustained damage in the sum of $846,723.99, plus interest, no part of which has been paid.

## AS AND FOR A SECOND CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendant earned substantial sums of money by marketing products with Plaintiff's exclusive name, likeness, and logo.

42. Specifically, Defendant created, marketed and sold products bearing the proprietary trade names, logos, and licenses of Plaintiff in October, 2005, November 2005, December 2005, January, 2006, February, 2006 and March, 2006, and earned significant gross and net sale proceeds from such sales.

43. Defendant has not compensated Plaintiff, or given Plaintiff any value for the use of Plaintiff's trade names, logos and licenses within the above listed months.

44. By earning, receiving, and obtaining proceeds from the use of Plaintiff's proprietary trade names, logos and licenses, Defendant has been enriched.

45. It would be unjust and inequitable for Defendant to retain the gains it earned from its use of Plaintiff's property.

46. The Defendant has been unjustly enriched at the expense of the Plaintiff in the sum of $846,723.99, plus interest, which sum the Defendant has refused and still refuses to pay to Plaintiff.

47. By reason of the foregoing, there is now due and owing to the Plaintiff from the Defendant the sum of $846,723.99, plus interest.

WHEREFORE, Plaintiff demands judgment against the Defendant:

1. On its first cause of action against the Defendant in the amount of at least $846,723.99

-5-

plus interest;

2. On its second cause of action against the Defendant in the amount of at least $846,723.99 plus interest;

3. For such other and further relief as this Court deems just and proper.

Dated: August 10, 2006
Albany, New York.

TABNER, RYAN AND KENIRY, LLP

William J. Keniry
Attorneys for Plaintiff
18 Corporate Woods Boulevard, Suite 8
Albany, New York 12211
518-465-9500

-6-

## VERIFICATION

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF ALBANY    )

William J. Keniry, being duly sworn, deposes and states that deponent is a member of the law firm of Tabner, Ryan and Keniry, LLP, the attorneys of record for the Plaintiff in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. This verification is made by your deponent and not by the Plaintiff inasmuch as the Plaintiff is not presently located within the County in which your deponent maintains an office, and such verification is based upon investigations, review of documents, conversations with the Plaintiff and a review of the law office file, among other things.

William J. Keniry

Sworn to before this
10th day of August, 2006

Notary Public-State of New York

BETHANY SCHUMANN
Notary Public, State of New York
No. 01SC6045337
Qualified in Montgomery County
Commission Expires June 8, 20__

G:\Clients\Orange County Choppers, Inc. - 4819\001 - 19672\Complaint.wpd

-7-