William J. Keniry (WK-4516)
Eric N. Dratler (ED-0923)
Thomas R. Fallati (TF-8793)
TABNER, RYAN AND KENIRY, LLP
18 Corporate Woods Blvd.
Albany, New York 12211
(518) 465-9500
(518) 465-5112 (Facsimile)
*Counsel for Plaintiff-Counterdefendant Orange County Choppers, Inc., and Counterdefendants Orange County Choppers Merchandising, LLC, and Orange County Choppers Licensing, LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| ORANGE COUNTY CHOPPERS, INC., a New York Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 006 CV 7211 (WCC)<br>) ECF Case |
| OLAES ENTERPRISES, INC., d/b/a ODM, a California Corporation, | )<br>)<br>) |
| Defendant, | ) **REPLY TO CROSS-CLAIM OF**<br>) **BRIEFLY STATED, INC.** |
| OLAES ENTERPRISES, INC., d/b/a ODM, a California Corporation, | )<br>)<br>) |
| Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| ORANGE COUNTY CHOPPERS, INC., a New York Corporation, ORANGE COUNTY CHOPPERS MERCHANDISING LLC, a New York limited liability company, ORANGE COUNTY CHOPPERS LICENSING LLC, a New York limited liability company, A.D. SUTTON & SONS, INC., a New York Corporation, BASIC BOX LIMITED a United Kingdom business entity, BIKERS SPORT DESIGN LLC, a North Carolina limited liability company, BIO WORLD MERCHANDISING, INC. d/b/a BIO DOMES HEADGEAR, a Texan corporation, BOSTON | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

AMERICA CORP., a Massachusetts corporation, )
BRIEFLY STATED, INC., a New York corporation, )
W.R. CASE & SONS CUTLERY, a Pennsylvania )
corporation, CLEAN FUN PROMOTIONAL )
MARKETING, INC., a California business entity, C- )
LIFE GROUP, LTD, a New York corporation, COFFEE   )
LEGENDS, INC., an Arkansas corporation, CYCLE )
EXPRESS, INC., a New York corporation, )
DESPERATE ENTERPRISES, INC., a Nevada )
corporation, EVANDALE GIFTS LLC, a New York )
limited liability company, HORIZON NY INC., a New )
York corporation, HOUSTON HARVEST INC., a )
Delaware corporation, INNOVATIVE DESIGNS LLC, )
a New York limited liability company, JACK )
GUTTMAN, INC., d/b/a BAKERY CRAFTS, an Ohio )
corporation, KOLDER, INC., a Texas Corporation, )
LITTLE KIDS PREFERRED LLC, a New Jersey )
limited liability company, STRETCH-O-RAMA, INC., )
d/b/a LONGSTREET, a New York corporation, )
MITCH DOWD, an Australian business entity, )
UNISYSTEMS, INC., d/b/a MODERN PUBLISHING, )
a Delaware corporation, NATIONAL PRODUCTS )
LIMITED, a Hong Kong business entity, NEET FEET )
LTD., an Australian business entity, PLASTICOLOR )
MOLDED PRODUCTS, INC., a California )
corporation, PLAY CORP LTD., an Australian )
business entity, ROBISON'S, INC., d/b/a POWER )
TRIP, an Idaho corporation, SPECTORE CORP., a )
Delaware corporation, TECHNICRAFT INDUSTRIES, )
INC., a Massachusetts corporation, THE HUT LLC, a )
California limited liability company, VENDING )
SUPPLY, INC., a Nevada corporation, WHITESIDE )
MANUFACTURING COMPANY, an Ohio )
corporation, and YOU AND ME LEGWEAR LLC, a )
New York limited liability company, )
                                                                                          )
                    Counterdefendants.                          )
_____

Plaintiff-Counterdefendant ORANGE COUNTY CHOPPERS, INC. ("OCC"), and Counterdefendants ORANGE COUNTY CHOPPERS MERCHANDISING, LLC ("OCCM"), and ORANGE COUNTY CHOPPERS LICENSING, LLC ("OCCL"), hereby submit this Reply to the Cross-claims of Counterdefendant BRIEFLY STATED, INC. ("Briefly Stated"), replying as follows:

2

## CROSS-CLAIM FOR INDEMNIFICATION

1. Deny the allegations contained in paragraphs 47 and 48 of the cross-claim, except admit that Briefly Stated entered into a licensing agreement and refer to that contract for its complete terms.

## **AFFIRMATIVE DEFENSES**

OCC, OCCM, and OCCL do not assume the burden of proof with respect to the defenses set forth below where the substantive law provides otherwise.

1. The Cross-claim fails to state a claim upon which relief can be granted.

2. The Cross-claim is barred, in whole or in part, by unclean hands.

3. The Cross-claim is barred, in whole or in part, by laches.

4. The Cross-claim is barred, in whole or in part, by waiver.

5. The Cross-claim is barred, in whole or in part, by estoppel.

6. The Cross-claim is barred, in whole or in part, because Briefly Stated has failed to mitigate damages.

7. The Cross-claim is barred, in whole or in part, by the express agreements of the parties.

8. The Cross-claim is barred, in whole or in part, by the statute of limitations.

9. The Cross-claim is barred, in whole or in part, by consent.

10. The Cross-claim is barred, in whole or in part, by license.

11. The Cross-claim is barred, in whole or in part, by transfer of ownership.

12. The Cross-claim is barred, in whole or in part, by the work-for-hire doctrine.

13. The Cross-claim is barred, in whole or in part, by the doctrine of joint authorship.

14. The Cross-claim is barred, in whole or in part, by preemption.

15. The Cross-claim fails because OCC, OCCM, and OCCL lacked power or control over James Bell, James Paidas and others, and/or the alleged Licensees and, therefore, OCC, OCCM, and OCCL are not vicariously or secondarily liable for their actions.

16. The Cross-claim fails, in whole or in part, because Briefly Stated's purported harm was proximately caused by culpable parties other than OCC, OCCM, or OCCL .

17. The Cross-claim fails, in whole or in part, because Briefly Stated has not substantially performed its own contractual obligations.

18. The Cross-claim fails because OCC, OCCM, and OCCL conducted themselves at all times in good faith, with a reasonable belief that their actions did not constitute a violation or infringement of any other person or entity's rights.

19. The Cross-claim is barred, in whole or in part, by the doctrine of account stated.

20. The Cross-claim is barred, in whole or in part, by fraud.

21. The Cross-claim fails, in whole or in part, because Briefly Stated's purported harm was proximately caused by its own culpable conduct.

22. The Cross-claim fails, in whole or in part, because OCC, OCCM, and OCCL have no liability to the Defendant-Counterplaintiff.

23. OCC, OCCM, and OCCL presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional affirmative defenses available. OCC, OCCM, and OCCL reserve the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be available.

**WHEREFORE,** Plaintiff-Counterdefendant Orange County Choppers, Inc., and

Counterdefendants Orange County Choppers Merchandising, LLC, and Orange County Choppers Licensing, LLC, respectfully requests that the Cross-claim asserted against them be dismissed in its entirety and that all relief requested therein be denied, together with such other and further relief as the Court deems just and proper.

## JURY DEMAND

Orange County Choppers, Inc., Orange County Choppers Merchandising, LLC, and Orange County Choppers Licensing, LLC, demand a trial by jury of all causes of action as to which the law entitles a plaintiff or counterdefendant to a trial by jury.

Dated: November 18, 2008
       Albany, New York

Respectfully submitted,

**TABNER, RYAN AND KENIRY, LLP**


   */s/ Eric N. Dratler*
Eric N. Dratler (ED-0923)
18 Corporate Woods Blvd., Suite 8
Albany, New York 12211
(518) 465-9500
(518) 465-5112 (Facsimile)
end@trklaw.com
*Attorneys for Plaintiff-Counterdefendant Orange County Choppers, Inc., and Counterdefendants Orange County Choppers Merchandising, LLC, and Orange County Choppers Licensing, LLC*

G:\Clients\Orange County Choppers, Inc. - 4819\001 - 19672\Reply to Cross-claims of Briefly Stated 1108.wpd