UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/10

ORANGE COUNTY CHOPPERS, INC.,

    Plaintiffs,

    -against-

06 Civ. 7211 (CM)(PED)

OLAES ENTERPRISES, INC., d/b/a ODM,

    Defendant-Counterclaim Plaintiff,

    -against-

ORANGE COUNTY CHOPPERS, INC., et al.,

    Counterclaim Defendants.

------------------------------------------------------------x

## ORDER REGARDING FEE APPLICATION

McMahon, J.:

    Tabner, Ryan & Keniry ("TRK"), former counsel for the three Orange County Choppers entities ("OCC"), has made an application for fees (Docket No. 242) arising out of its representation of OCC in the above-captioned action. OCC, through its new counsel, suggests that the court decline to exercise jurisdiction over the application.

    OCC's request is denied. In an exercise of its discretion, the court will exercise supplemental jurisdiction over the fee request.

    As even OCC admits, the court has the option to exercise supplemental jurisdiction over a fee application relating to a case before it. Indeed, as the Second Circuit has recognized, fee applications are probably the most likely candidates for an exercise of supplemental jurisdiction. Stein v. KPMG, 486 F. 3d 753, 760 (2d Cir. 2007).

    That said, this is an unusual case.

    The four factors to be considered in deciding whether to exercise supplemental jurisdiction are (1) the trial court's familiarity with the subject matter of the suit and the work performed by the law firm in connection therewith; (2) the court's responsibility to the members of the bar who practice before it; (3) the convenience of litigating in federal as opposed to state court; and (4) considerations of judicial economy. Cluett Peabody & Co. v. CPC Acquisition Co., Inc., 863 F.2d 251 (2d Cir. 1988). In this particular case, the trial court has virtually no familiarity with the

Copies mailed/faxed/handed to counsel on 1/6/10

subject matter of the suit or with the work performed by counsel. The phrase "trial court" as used in the four factors refers, obviously, to the JUDGE assigned to the case, not to the DISTRICT COURT in which the case was filed. In this case, the Judge who supervised this case for three years died last summer. By the time "this court"—I, Judge McMahon—took over the matter, all the work had been performed, the attorneys who are seeking fees had been directed to stop work on the matter and the fee dispute had already ripened. I knew (and still know) nothing about the matter except what I was told at an initial telephone conference called to acquaint myself with the case and to ask about various pending motions (including a motion by TRK seeking leave to withdraw). I have not supervised anyone's work. I am as much a neophyte as any state court judge would be.

However, where, as here, both the federal and state courts are equally unfamiliar with the subject matter of the lawsuit, where it is equally inconvenient for either court to become sufficiently familiar with the matter to make an appropriate fee award, and where judicial economies are nonexistent no matter where the issue is litigated, it seems appropriate NOT to burden my state court colleagues with this matter. Had Judge Conner lived, he most certainly would have exercised supplemental jurisdiction over the fee request, and I do not believe that counsel should be further inconvenienced because of his untimely death. What remains of this action continues before this court, and I do feel an institutional responsibility to a law firm that has worked on this matter for some years.

In short, there is no compelling reason NOT to exercise supplemental jurisdiction. There is no complex issue of state law involved, as there was in Fermin v. Moriarty, No. 96 Civ. 3022, 2003 U.S. Dist. LEXIS 13367 (S.D.N.Y. Aug. 4, 2003), and no allegation of attorney misconduct, as in Askir v. Brown & Root, No. 95 Civ. 11008, 1999 U.S. Dist. LEXIS 2103 (S.D.N.Y. Feb. 27, 1998), and no lack of geographic proximity, as in Dispute Resolution Management v. Greenberg Traurig, LLP, No. 03 Civ. 3501, 2005 U.S. Dist. LEXIS 3632 (S.D.N.Y. Mar. 9, 2005). Plus, remitting this matter to the New York State Supreme Court would inevitably result in considerable delay. So I will keep the issue before this court.

OCC's former counsel, TRK, has correctly observed that OCC has neglected to respond to its motion on the merits—choosing instead to urge discretionary dismissal on jurisdictional grounds, while announcing (without explaining why) that it intends to contest the requested fee on the merits. Presumptuous though this course of action was, I am not prepared to accept former counsel's suggestion that I default OCC on the merits. So I give OCC 10 days to put in something on the merits. I will assign the case to Magistrate Davison for a report and recommendation on the amount of the fee award, as I do most fee applications. My only instruction is that no fees shall be awarded for any time spent on the motion for leave to withdraw—if I explain today that I will not award any such fees, the parties will not have to waste a lot of time on that issue.

The active case in this litigation, No. 09 Civ. 8680, which concerns ODM's claims against the licensee defendants and those licensees' counterclaims against OCC, is on my calendar for Friday, January 8, when I will be in White Plains. OCC's former counsel need not be present for the conference; I am issuing this order to forestall any appearance by

2

representatives of TRK. Only counsel who are actively litigating the remaining action should plan to be present.

Finally, this case, No. 06 Civ. 7211, was closed by the Docket Clerk before TRK made its fee application. The Docket Clerk is hereby directed to do the following: (1) reopen this case, as TRK's motion for fees is pending; (2) ensure that this and all future filings reach TRK, which was "terminated" (in ECF parlance) as an attorney to be noticed after its withdrawal (the court is also faxing a copy of this order to TRK); and (3) docket a copy of this order not only in this case, No. 06 Civ. 7211, but also in the newer case, No. 09 Civ. 8680.

This constitutes the order of the court.

Dated: January 5, 2010

_____
U.S.D.J.

BY ECF TO ALL COUNSEL
BY FAX TO TABNER, RYAN & KENIRY

3